Good morning, Your Honors. My name is Matt Campbell. I'm an attorney with the Federal Defenders of Eastern Washington and Idaho for Petitioner-Appellant Brach Norris, and I will be reserving three minutes for rebuttal. Although this case obviously is broad in scope and involves some complicated areas of law, I believe that what's required here is actually fairly narrow and has not been done by any court, which is a careful analysis of the facts as applied to Eighth Amendment jurisprudence. And essentially, our argument is that a life without parole sentence for what amounts to an approximately two-second touch of a child over clothing is unconstitutional. We would also argue that that is contrary to and an unreasonable application of federal law as established by the Supreme Court, and I'd like to review those issues specifically. Can I ask a background fact that I don't know if it appears in the record? I'll let you go to your argument after that, but one of the things that's been curious about it, I've tried to get a handle on his prior record, but I can't figure out in what way he was, what time he served previously. I know what he was convicted for, but when he was convicted for the earlier child molestation, for example, which I guess was the one substantial crime, what was the sentence? I believe, I don't have the exact numbers in front of me, but I believe his prior sentence was approximately eight years, and he had done approximately five years, and that would have been in, I believe he was sentenced in 1991. And was that the only commitment to prison as opposed to? That was the, he had one prior other felony, which was a robbery conviction out of Illinois back in, I believe, 1976. That's a juvenile conviction. It actually was an adult conviction. He was a juvenile, and they didn't do any sort of, it was an auto decline. They didn't do the adequate declination procedures, which is why three strikes law would not apply in this case. One of the problems I think you and perhaps we confront on these cases is you have two child molestation claims. You're saying, well, the second one was a minor touching. The state court made a fairly careful analysis of what his behavior reflected, inability to control his impulses. It's a little hard to take the two child molestation convictions and then under our deferential review, heavily constrained by Supreme Court precedent, say that this is a cruel and unusual Eighth Amendment violation. Can you address that? Certainly. I believe, and again, I believe that this is both contrary to and an unreasonable application of, and if I could speak to the contrary to portion first. While certainly if one reads the state court opinion, the court of appeals opinion, one's initial reaction is that this is a serious offense, and we're not saying anything different. However, that opinion relies mostly, if one reads it, on categorization or labels. For example, when they deal under feign with the offense committed, it's done in terms of discussing child molestation in general, the fact that it's labeled as a serious offense, the fact that it's labeled as an offense against a person, as against a child, but there is virtually no factual discussion of the events in this case. But that wasn't true of the trial judge, and I had a similar reaction to the trial judge's analysis as to Judge Fisher. It was quite thoughtful and quite extensive. So as a matter of AEDPA law, do we just wash that out and look at the court of appeals, which was certainly fairly cursory, or do we look at what they were affirming, which was a fairly careful analysis by the trial court? Well, I believe under AEDPA law, you'd have to look both at the methodology and at the substance. Of what, though? Of the trial court or the court of appeals or both? I would argue primarily the court of appeals, since that's the last reason state court decision, which is generally what AEDPA requires us to look at. However, and I don't mean to interrupt your answer of Judge Berzon, but I have a question here, and you can educate me. It seems to me that the district court applied federal law in the habeas review and made clear that it did. So if they applied federal law and they applied it correctly, and they determined that the state standard did not, whatever the state did, even if they were right or wrong, was in compliance with federal law, why don't we address what the federal court did under federal law? Well, I believe that the district court actually made some of the same errors that were made by the state court of appeals. Specifically, again, it was a very sort of what I would call a categorical approach. The district court cited the Fein decision and took at face value that Fein is the same test. Now, that was only when it was reasoning in the alternative, right? I mean, the district court said the petitioner is serving a life sentence, but he did not kill, physically injure, or even inflict severe pain on anyone. And the district court went through some of the other analysis done by the court of appeals and said that applying the federal standard, he didn't find that it gave rise to an inference of gross disproportionality, so he didn't even go on to do the other two portions of the federal test because that wasn't required. But he did say the state court did that. Well, I believe the district court opinion properly read essentially relies on the state court opinion, says that the state court got it, looks at what the state court reasoned, says the state court got it right, and then proceeded on from that point. I don't see the type of factual analysis, for example, that occurs in our briefing, which is citing to the record that it was a two-second touch, that it was overclothing, and particularly not citing to some of the other errors, for example, the fact that there was never any corroborating evidence. Well, under our case law, would it matter to know more than we do about we know a lot about this crime, but we don't know anything really about the priors in terms of the actual offense, the details of it, in other words. So and the case, our case about the guy who took the DMV test was remanded to find out more about his priors. Wouldn't we at least have to do that here? I mean, there was a representation made that the prior, one of the prior child molestation conviction was really a child rape. On your thesis that we have to know the actual offenses, wouldn't we have to know that? Certainly the Reyes case that Your Honor is familiar with, they did remand for further determination of prior offenses. My understanding is that an adequate record does exist that if a remand were granted to the district court, that that could be done on the prior sex offense. I do not believe, and I'm not 100 percent certain to this, but I do not believe that an adequate record would exist on the other prior robbery. Was there one more conviction much closer in time? Yes, there was. It was either a theft conviction or a possession. Quite close in time. I believe it was several years before, but in between the prior sex and the conviction in this case. You may want to reserve time. I think Judge Snow may have had a question. No, that's fine. Okay, thank you. Good morning. May it please the court. My name is Donna Mullen. I'm an assistant attorney general representing the respondent in this habeas petition. This court should affirm the decision of the district court dismissing Mr. Norris' habeas corpus petition with prejudice. Let me summarize what I think are the kind of outlier aspects of this case. I mean, it seems to me that we, since Lockyer, have reversed maybe two or have granted this claim maybe in two cases, and they've been real outlier cases. This, first of all, is life without possibility of parole. Second of all, it's two strikes, not three. Third of all, there's the nature of the final crime. So it seems to me that that's what needs to be addressed. I don't know of the – there was a Supreme Court case about life without possibility of parole, but there's no real majority opinion in that case. So applying the now controlling standard, is there any case which has upheld life without possibility of parole, two strikes rather than three, and a crime that, although categorized as violent, was in its actual aspect at least not violent, whatever else you want to say about it? Your Honor, I did an extensive search and was unable to find any federal case from any court with regards to two strikes and a recidivist sex offender. And life without possibility of parole. Or life without possibility of parole in the case of a sex offender. As you're aware, the Supreme Court has dealt with only two cases with regards to life without the possibility of parole, Solem v. Helm, which had to do with a $100 no-account check, and the other case was Harlan v. Michigan. In Solem, they found that the life without parole sentence did violate the Eighth Amendment. However, in this case, we're concerned with a recidivist sex offender, and I think that the crime is a most serious crime. It's a crime that was against a child and that society has many concerns about. I mean, truthfully, it isn't that the crime was such a serious crime. It's that one is very concerned about this man because of it. It's really not so much the crime, and this is really what comes out with the trial judge, as what it says about him. Well, in the manner he committed the crime, certainly. It was in a predatory manner. It was a stranger. It was a five-year-old child. In the circumstance, under the circumstances of the case, it showed very poor or no impulse control, the very thing that the legislature was concerned about for recidivist sex offenders. I mean, it's true that Washington has a post-conviction sex offender detention system, which would essentially, we had a case about it, which is why I know about it, where under circumstances like this, this person, assuming that he wasn't subject to life without the possibility of parole, could still be held after his conviction unless and until cured. Is that not so?  Never mind. Go ahead. As I mentioned, the state court's adjudication of the claim was not contrary to or unreasonable application of clearly established federal law. The state courts applied the principle of gross disproportionality and considered factors that are generally the same as those considered by the federal court and certainly not in conflict with or an unreasonable application of that claim. Do you disagree with the finding that no other state under these circumstances except maybe possibly one would have such a sentence? I think that that was a correct review of the legal picture, Your Honor. But Washington State has chosen to, rather than require penetration or bodily injury, to place the highest emphasis on protection of children. And as Justice Kennedy said in his concurring opinion in Harmon v. Michigan, that there are going to be wide divergences between various states. That was a drug case, right? That was a drug case, Your Honor. Let me ask a question pertaining to the subset of the inquiry that you responded to Judge Rivers on earlier. When you were looking at past cases, did you find any federal case that finds an inference of gross disproportionality when the underlying offense is a sexual offense against a child? No, I did not, Your Honor. And I did an extensive search. I looked at other circuits and was unable to find any case that was regarding a two-strike case for a recidivist sex offender. Well, and I'm not limiting it to a two-strike case. I'm just saying any case. No, Your Honor. Okay. The state court's decision, as I mentioned, was not contrary to an unreasonable application of clearly established federal law. Could you address the first child molestation conviction? What does the record reflect with respect to that? Do we know all we can know on a stamp record? No, Your Honor. I would agree that the record is extremely sparse, almost nonexistent with regards to the first child molestation in the first degree, other than a comment made by the prosecutor at the sentencing hearing in which he said that he had reviewed it and it could have been charged as a child rape but was fed down to a child molestation. And if we were to follow the process that we did in Reyes, which was where we were not because of the nature of the current offense, and that case was lying on a DMV form, and I'm not saying we would, but if we did follow that process, we were mandated, as I recall in that case, to determine whether in the robbery, prior robbery conviction, there had been a weapon used, a knife. There was some evidence about a knife, but we couldn't tell on the record whether that was, how serious it was. If we were to do something like that to find out, get a better record on the nature of his prior conviction, counsel says he doesn't think that there would be much that we'd be able to find out. Do you have any views about that? I am unfamiliar in terms of the record with regards to the first-degree robbery. No, it's not robbery. It was child molestation. Yeah, I was talking about his total criminal history. Oh, okay, I'm sorry. He had a violent crime, a first-degree robbery. With regards to the child molestation in the first degree, I believe we would be able to obtain additional information from the Sonoma County prosecutor in that case. With regards to the facts of that case. There was also some indication, which was relied on to some degree by the trial court, that there were probation violations having to do with inappropriate activity with children. Do we have that material in the record now or not? We do not have it in the record. However, when I went to the Department of Corrections site for this gentleman, there were five probation violations. And as far as I could figure out, at least two of them were primarily for being around children without supervision. All right, but that's not in the record either. So how did the trial judge even know it? The information was provided by the prosecutor at the sentencing hearing. But just at that general level, we don't really have it. That's right, Your Honor. There was a pre-sentence investigation report prepared that the trial court judge reviewed, correct? Yes, there should have been, but that is not part of the record. Why wouldn't it have been part of the record? I'm sorry, Your Honor, I can't answer that. In terms of what happened at the Court of Appeals and how the state defended the Eighth Amendment claim, I don't know why that history is not there. I thought about my sort of conceptual question with regard to AEDPA as to whether we look for AEDPA purposes at the Court of Appeals opinion or the trial court explanation or both. The Court of Appeals opinion was certainly fairly bare bones, and the trial court's was much more extensive. Which one do we look at? I think you need to look at both, Your Honor. You need to look at the Court of Appeals decision, but you also need to look at what was done at the trial court level. Okay. If you don't have any further questions? I think we're okay. Thank you. Thank you. Thank you. Just to briefly touch on what was just discussed, I do believe that one of the differences between this case and many of the other cases cited is the fact that it's a life without parole case. So is Harmelin. Harmelin was, Your Honor, and I think a careful reading of Harmelin indicates that it relied to a large extent on the amount of drugs involved, this 32 to 64,000. To make it a serious offense. Excuse me? To make it a serious offense. Correct. But I believe that the serious offense in that case had a greater likelihood of, and the Court relied on the fact that it had a greater likelihood of harming society as a whole. You don't think child molestation with this guy's record? Doesn't rise to a comparable level? Such that it would be clearly unreasonable for the Washington Court to make that connection? I think, again, that that would rely more on categorizing which offenses in general are most. You say categorizing. The trial judge in that case did not rely on categorization. He relied on the nature of the offense and the conduct and the circumstances. It's true the Court of Appeal was much more generalized, but I just don't believe that we're allowed to ignore what the trial judge did in imposing the sentence. I think the difficulty is my reading of AEDPA says that the deference that's paid to a state court decision is paid as a matter of, I don't know what the right term would be, but judicial recognition. So that if there's a discrepancy or a difference between a trial court and a court of appeals, that discrepancy or difference must be resolved by going to the highest state court. And the case law is replete with references to going to the highest court of decision. That's if there's a discrepancy. Well, I think there is a discrepancy. I also believe that while Judge O'Connor certainly, the trial judge, certainly did go into some detail, and I'm not taking issue necessarily with the way she said what she said, however that to me smacks of categorization to the extent that had this been a completely different offense, let's say a more predatory offense with grooming or something along the lines, then it would have been castigated for that. And rightly so. I'm not trying to excuse child molestation. But that being what it is, I just wanted to answer a couple other issues that quickly came up. Your Honor had asked about civil commitment. There is a civil commitment procedure, and that's been dealt with relatively recently. So if somebody were to find that Ms. Norris is a predator, that can be dealt with civilly as part of civil commitment. They've had several recent trials on that in the Spokane area. I believe it was an unreasonable application. The state court, as I believe has been conceded, got it wrong when they compared it to the other states. Wisconsin is the only state which arguably could sentence to life without parole, and that even includes the federal jurisdiction. The state court also got it wrong when they compared intra-jurisdictionally within Washington. They only compared to other rape offenses and only based on the fact that he was a recidivist. The case law, solemn, the like, makes it clear. You should compare to murder. You should compare to kidnapping. You should compare to all other offenses and not based on recidivism. So the state court decision, I believe, was fundamentally flawed. When it relied upon it by the district court, it was similarly flawed. And Your Honor is losing patience. Okay, thank you very much. Thank you both. It's an interesting case, and it is another.
judges: Snow, Fisher, Berzon